BAUSINGER and others *vs.* FREDERICK GUENTHNER.

Goods, which had been obtained from the plaintiff by J. G., by false pretences, were transferred by him to the defendant, in fraud of creditors. Subsequently, on being told by one of the plaintiffs that it would be best if he would pay J. G.'s debt, the defendant promised, verbally, without any new consideration, to pay for the goods. *Held* that no action would lie, upon this promise.

APPEAL by the defendant from a judgment rendered on a verdict.

The action was brought to recover the amount of a bill of goods sold to the defendant's brother, John Guenthner. It was claimed that the goods, after hav-

ing been obtained of the plaintiffs by John Guenthner, by false pretences, were transferred by him to the defendant in fraud of creditors. The proof showed that subsequently to such transfer one of plaintiffs met defendant, and "told him it would be best if he would pay" John's debt, and defendant finally promised to pay the bill.

The defendant's counsel moved for a nonsuit, on the ground that the promise alleged to have been made by the defendant was a promise to pay the debt of another and therefore void by the statute of frauds, because not in writing ; 2d, that there was no consideration for said promise.

Motion denied, and exception taken.

The court charged the jury, in substance, that the case presented a question of fact for them to decide, as to whether or not the defendant made the promise to the plaintiffs as claimed by them.

The plaintiffs had a verdict for the amount of the bill of goods, with interest.

*J. T. Mackenzie,* for the appellant.

*W. Gilbert,* for the defendants.

*By the Court,* MULLIN, J. I am unable to find in the evidence of the plaintiffs, any proof whatever of a consideration for the alleged promise of the defendant.

The title to the goods had passed from the plaintiff to John Guenthner, on the sale to him, and nothing whatever is shown which could render that sale void, or entitle the plaintiff to recover the goods. John became insolvent subsequent to the sale ; at least there is no proof of insolvency before, and it was not known to the plaintiffs until some three weeks after the purchase.

It was quite absurd to talk of bringing an action to recover the goods, under such circumstances. Unless,

therefore, the omission to bring an unfounded action at the request of another can furnish a consideration, there is none in this case ; and I apprehend that it remains to be decided that abandoning the bringing of an action shown to be groundless is a sufficient consideration for the undertaking of the person making the request to pay the debt of another person.

The goods were never transferred by John to the defendant, and hence the latter never had, nor did he claim to have, any title to them. They were secreted by him to keep them from his brother's creditors, and not for his own use or benefit.

He did not purchase them of the plaintiffs, as they had no interest in them that was the subject of sale, and he got nothing therefor which would form a consideration for his promise to pay for them.

But if I am wrong in supposing there is no consideration, the defendant is nevertheless not liable, as his promise to pay for the goods is not in writing. It was decided in *Mallory* v. *Gillett*, (21 *N. Y.* 412,) that the relinquishment of a lien on property covered by another was not such a consideration as took the promise of a third person, at whose request the lien was relinquished, out of the statute of frauds.

In that case it was held that the new consideration must move from the one having the lien to the promissor. If the original obligation of the original debtor remains in force, and the new promise is collateral to it, the latter must be in writing, although the relinquishment of the lien might be a valid consideration for a promise not within the statute of frauds.

The original debt against John Guenthner remained in full force. The goods could not be transferred to the defendant so as to give him title thereto ; and hence there was no valid consideration to support the alleged promise of the defendant.

The judgment should be reversed, and a new trial granted, costs to abide the event.

MORGAN, J., dissented.

[ONONDAGA GENERAL TERM, October 5, 1869. *Bacon, Foster, Morgan* and *Mullin,* Justices.]